BLACK v. MAYBERRY, ADMINISTRATOR.

4-6308                                    149 S. W. 2d 945

Opinion delivered April 14, 1941.

*William W. Shepherd,* for appellant.

*H. K. Toney* and *Rowell, Rowell & Dickey,* for appellee.

HUMPHREYS, J. This is an appeal by appellant from a consent judgment rendered on the 24th day of June in the probate court of Pulaski county, Arkansas.

The transcript of the proceedings in the probate court filed in this court does not contain the testimony heard by the probate court nor a motion for a new trial, if such motion were filed.

The record before us, as reflected by the transcript, contains an affidavit and application of A. C. Mayberry for letters of administration on the estate, valued at $200, of E. F. Mayberry, deceased, in which it is stated that E. F. Mayberry died intestate in Pulaski county, Arkansas, on the 2nd day of February, 1940, leaving surviving him the following heirs, A. C. Mayberry, W. A. Mayberry, Mrs. W. M. Eighme, H. V. Mayberry, Mrs. Thelma M. Nelson, R. A. Mayberry, Mrs. Lucy M. Langley, Giles Mayberry and Mrs. Walter Trice; and also contains an administrator's bond in the penal sum of $200, in regular form, with surety, conditioned for the performance of his duties as administrator; and also contains an order of the probate court on March 24, 1940, as follows:

"In the matter of the estate of E. F. Mayberry, deceased.

"Now on this day is presented to the court for approval the application of A. C. Mayberry, for appointment as administrator of the estate of E. F. Mayberry, deceased, late of Pulaski county, Arkansas, also is presented herein his bond in the sum of two hundred ($200) dollars, with Central Surety & Insurance Corporation, as surety thereon; said bond is by the court deemed good and sufficient, is approved and confirmed, the application granted and letters of administration are hereby ordered to issue"; and also contains the last will and testament of E. F. Mayberry executed according to statutory requirements on May 8, 1936, and proof of the will by the subscribing witnesses on the 12th day of February, 1940, the body of which will is as follows:

"Last Will and Testament

of

E. F. Mayberry

"Item 1: I give to my sister, Lillian Eighme, the proceeds of a certain life insurance policy in the Brotherhood of Railroad Trainmen after paying from the said policy my funeral expenses and one thousand dollars ($1,000) which I owe Mrs. G. W. Black of Little Rock, Arkansas, which I direct to be paid out of the proceeds of this policy.

"Item 2: I hereby give, devise and bequeath to the said Mrs. G. W. Black my farm consisting of forty-one and 87/100ths acres in Pulaski county, Arkansas, known as the old Bashman Place.

"This gift is in consideration of many kindnesses and helpful care rendered me by the said Mrs. G. W. Black, over a period of many months. It is my desire that this will be not contested by either beneficiary herein,

(Signed)   E. F. Mayberry.";

It also contains a contest of the will by the heirs of E. F. Mayberry, deceased, heretofore named, on the grounds that said will is not the last will of E. F. Mayberry and the alleged invalidity thereof because it does not comply with §§ 14511 and 14513 of Pope's Digest;

and also contains the judgment of the court entered on June 24, 1940, a day of the April, 1940, term of said court, which judgment is as follows:

"In the matter of the estate of E. F. Mayberry, deceased.

## "Judgment

"Now on this day is presented to the court the will of E. F. Mayberry, attested by Mrs. Mary Wynne and W. N. Lewellen, and come all parties interested in said will in open court and with their counsel and after hearing the testimony and seeing the will, it is the opinion of the court, and by consent of the parties, agreed that said will should be probated.

"It is, therefore, by the court considered, ordered and adjudged that the paper presented is the last will and testament of E. F. Mayberry, deceased, duly attested, and all the prerequisites complied with and the said will is ordered probated and letters of administration with a copy of the will attached issued to Mrs. G. W. Black; and that the proceeds of the policy in the Brotherhood of Railroad Trainmen by the court and with the consent of all parties is given to Mrs. Lillian Eighme; that the other property of said E. F. Mayberry to be vested in Mrs. G. W. Black; however, as to $100 due to Mr. Mayberry as salary, from the railroad, same is to be paid to A. F. Mayberry, to cover his expenses; however, further by consent, Mrs. Lillian Eighme, upon the payment of $67 to cover lien on diamonds, Mrs. Eighme is to get the diamond stickpin and Mrs. Black the diamond ring.

"The court finds that by agreement, A. C. Mayberry was appointed administrator of the estate of E. F. Mayberry on April 24, 1940, and by consent of all parties, without any report being filed by A. C. Mayberry, he and his bondsmen are hereby released and discharged. And by consent it is agreed that the funeral expenses and other expenses of administration to date have been paid and are not to be a charge against the real estate or any other property.

"And it is so ordered.

"(Signed)   Frank H. Dodge,
Probate Judge.
6/24/40

"O. K.
"Fred A. Snodgress
"A. H. Rowell."

According to the record of the proceedings in the probate court as revealed by the record, one of the heirs of E. F. Mayberry, deceased, applied for letters. of administration on his estate and tendered a bond for the performance of his duties setting out in the application the names of the heirs of E. F. Mayberry and the value of the estate. The court approved the bond and granted letters of administration to A. C. Mayberry, one of the heirs.

This was done on the theory that E. F. Mayberry made no will. Before anything had been done by the administrator the last will and testament of E. F. Mayberry was produced and proof of the will was made by the subscribing witnesses thereto. A contest of the will was then filed upon the grounds set out above. Subsequently the judgment which is assailed on this appeal was entered by the court.

By reference to the judgment which has been set out in full, it will be found that it recites that all parties. interested in said will appeared in open court with their counsel and after hearing the testimony and seeing the will the court by consent of all the parties agreed that the will should be probated which was done and letters. of administration with the will annexed were issued to Mrs. G. W. Black who is the appellant herein. The judgment then recites that by consent of all the parties the proceeds of the policy mentioned in the will was given to Mrs. William Eighme and that the other property was vested in Mrs. G. W. Black and that the $100 which was due Mr. Mayberry as salary from the railroad should be paid to A. C. Mayberry who had been appointed administrator to cover his expenses and that by agreement of all parties, Mrs. Eighme, upon the pay-

ment of $67 to cover a lien on diamonds, is to get the diamond stickpin and Mrs. Black the diamond ring and that by agreement of the parties, A. C. Mayberry, who had been appointed administrator together with his bondsmen should be released and discharged. It further recites that the funeral expenses and other expenses of the administration to date had been paid and were not to be charged against the real estate.

Appellant contends that the judgment should be canceled because it is indefinite as to who the parties interested were. We think the record before us reflects very definitely who the parties were. The parties were the heirs of E. F. Mayberry, deceased, and the legatees in the will.

Appellant contends that there is nothing in the record to show that the insurance company that issued the policy and the creditors of the estate were parties to the proceedings. This is true, but neither the insurance company nor any creditor is complaining and have not appealed and are not asking that the judgment be canceled.

Appellant also assails the judgment on the ground that the probate court had no jurisdiction to interpret or construe the provisions of the will and cites authorities to this effect and if the probate court had construed or interpreted the provisions of the will and adjudged the property covered by the will to any or all of the contending parties that part of the judgment would be void on its face, but we do not so read or interpret the judgment of the court. The court admitted the will to probate and appointed Mrs. G. W. Black as administratrix with the will annexed which it had a legal right to do. According to the judgment even this was done by agreement of the parties, but there is nothing in the judgment showing that the court construed the provisions of the will and adjudged the property to the legatees in accordance with or contrary to the terms of the will. The judgment reflects that, by agreement of the parties, certain property of the estate was to be given to Mrs. Eighme and the other property was given to Mrs. G. W.

Black and that the administrator and his bondsmen were discharged. In other words, as we read the judgment it was nothing more nor less than an entry of a settlement between the parties interested of the issue of whether the will was the last will and testament of deceased and a division among themselves of certain property belonging to the estate. Certainly, interested parties have a right in or out of court to settle a suit involving issues between them and to divide the property of the decedent between themselves. As stated above the division of the property between them was not on account of the construction of the provisions of the will by the court, but because the interested parties agreed to such division. There is nothing in the judgment to show that any of the parties were minors, and it recites on its face that all the parties interested were present in person and by attorneys. Had the judgment on its face shown that after admitting the will to probate as the last will and testament of E.. F. Mayberry, deceased, the court then construed and interpreted the provisions of the will and awarded certain property to the legatees under his construction thereof, the judgment would be void insofar as he exceeded his jurisdiction; but since it reflects that the parties themselves agreed to a division of the property on condition that the will be admitted to probate as the last will and testament of E. F. Mayberry, deceased, the action of the parties must be treated as a settlement between them of the issues involved in the suit.

No error appearing, the judgment is affirmed.